NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRENCE L. JESSIE, | No. 09-35063 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00900-CL |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted December 11, 2009[**]
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

Terrence Jessie appeals the district court's decision reversing the denial of

Jessie's application for supplemental security income benefits. We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court concluded that the ALJ's decision denying Jessie's application for benefits was supported by substantial evidence, but that the decision must be reversed and remanded for consideration of evidence provided by Dr. Olbrich. We agree.

We do not agree, however, that the ALJ properly discounted the lay witness testimony. An ALJ must take into account lay witness testimony about a claimant's symptoms, "unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Rather than discuss the extent of the witness's relationship with, and desire to help, Jessie, *see Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006), the ALJ provided only conclusory statements discounting the unidentified third party statement due to personal relationship, lack of expertise, and improper motivation. These do not constitute appropriate reasons germane to this witness. On remand, the ALJ should reconsider the lay testimony.

The ALJ properly assessed Jessie's residual functional capacity and did not err in rejecting Jessie's symptom testimony based on the record before him. However, he may reconsider these assessments in light of his consideration of Dr. Olbrich's report as well as the lay witness testimony.

**AFFIRMED IN PART AND REVERSED IN PART.**